| | |
|---|---|
| FAMILY OF EIGHT, LLC<br>2003 Shoreline Drive<br>Mount Juliet, TN 37122<br><br>        Plaintiff,<br><br>vs.<br><br>JRP SOLUTIONS, LLC<br>37005 N. 27th Way<br>Cave Creek, AZ 85331<br><br>and<br><br>JASON R. PFAFF,<br>37005 N. 27th Way<br>Cave Creek, AZ 85331<br><br>and<br><br>JOKAWIEM MANUFACTURING, LLC<br>34406 North 27th Drive<br>Phoenix, AZ 85085<br><br>and<br><br>ANDREW MINTON<br>34406 North 27th Drive<br>Phoenix, AZ 85085<br><br>        Defendants. | Civil Action No.:<br><br>Judge:<br>Magistrate Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Family of Eight, LLC ("Family of Eight"), for its Complaint against Defendants, JRP Solutions, LLC ("JRP"), Jason R. Pfaff ("Pfaff"), Jokawiem Manufacturing, LLC ("Jokawiem"), and Andrew Minton ("Minton") (collectively, "Defendants"), states and alleges the following:

## NATURE OF THE ACTION

1. This is an action for breach of contract, misappropriation of trade secrets, and violation of state law.

## PARTIES

2. Plaintiff Family of Eight is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Tennessee.

3. Defendant JRP is a limited liability company organized and existing under the laws of the State of Arizona.

4. Defendant Pfaff is an individual residing in the State of Arizona.

5. Defendant Jokawiem is a limited liability company organized and existing under the laws of the State of Arizona.

6. Defendant Minton is an individual residing in the State of Arizona.

## SUBJECT MATTER JURISDICTION

7. This Court has subject matter jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between Family of Eight on the one hand and Defendants on the other hand. In addition, the amount in controversy in this case exceeds $75,000.00. This Court has supplemental jurisdiction under 28 U.S.C. § 1367. This Court has subject matter jurisdiction over Family of Eight's federal trade secret claims pursuant to 18 U.S.C. §§ 1836-39 and 28 U.S.C. §§ 1331 and 1343. Moreover, the contract at issue in this dispute includes a provision that all parties consent to personal and subject matter jurisdiction and venue in this Court.

## PERSONAL JURISDICTION

8. Defendants are subject to personal jurisdiction in this Court because they (1) have transacted business within the State of Tennessee, including through the negotiation and execution of the contract that is the subject of this dispute, and further including through the negotiation and execution of a contract to which Family of Eight, a Tennessee corporation, is a party; and (2) have committed tortious acts within the State of Tennessee, as described herein, including against a Tennessee corporation, *i.e.*, Family of Eight. Moreover, Defendants are subject to personal jurisdiction in this Court because the contract at issue in this dispute includes a provision that all parties consent to personal and subject matter jurisdiction and venue in this Court.

## VENUE

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) and 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district, including breach of a contract wherein Family of Eight is a signatory and is a Tennessee corporation. Moreover, the contract at issue in this dispute includes a provision that all parties consent to personal and subject matter jurisdiction and venue in this Court.

## FACTUAL BACKGROUND

10. Family of Eight entered into a Stock Purchase Agreement with JRP and others on April 25, 2022.

11. The Stock Purchase Agreement is attached hereto as Exhibit A ("the Agreement").

12. Pursuant to the Agreement, Family of Eight agreed to purchase from JRP and others stock of Slick Slide LLC and Slick City LLC. Family of Eight did purchase from JRP and others stock of Slick Slide LLC and Slick City LLC. In addition, Family of Eight performed all of its contractual obligations pursuant to the Stock Purchase Agreement.

13. Pursuant to Agreement, JRP as a Seller, agreed to the following:

> Section 7.2. Non-Competition by Sellers. Each of MacLend, Silversmith, and JRP, and their affiliated persons and entities, agree to not compete with the Companies for a period of two years following execution of this Agreement. Such non-competition extends to the operation of slide parks, amusement parks, or dry slide manufacturing and/or fabrication. Each of MacLend, Silversmith, and JRP covenant that they will secure assurance of similar non-competition from their employees, agents, owners, subsidiaries, and affiliated companies. This provision will survive termination of this Agreement. Any offending Seller shall indemnify Buyer for any damage caused by the competition of any of said Buyer.

14. Pursuant to Stock Purchase Agreement, JRP as a Seller, agreed to the following.

> Section 7.3. Confidential Information. Each of MacLend, Silversmith, and JRP, and their affiliated persons and entities agree to immediately destroy the Confidential Information of Companies upon execution of this Agreement, to the extent such information is not required for the completion of tax returns or legally mandated to be retained. "Confidential Information" includes, without limitation, molds, schematics, designs, proprietary technology, intellectual property, trademarks, symbols, strategies, business plans, and financial statements. Each of MacLend, Silversmith, and JRP covenant that they will secure similar assurance of destruction of Confidential Information from their employees, agents, owners, subsidiaries, and affiliated companies. This provision will survive termination of this Agreement.

15. Pfaff is a member of, owner of, and employee of, and controls, JRP. Pursuant to the terms of the Agreement, Pfaff is an affiliated person with JRP, and therefore is contractually bound by the Agreement.

16. Pfaff and Minton are members of, owners of, and employees of, and control, Jokawiem. Pursuant to the terms of the Agreement, Jokawiem is an affiliated entity with JRP, and therefore is contractually bound by the Agreement.

17. Jokawiem is a subsidiary and affiliated company of JRP.

18. As members, owners, and employees of JRP and Jokawiem, Pfaff and Minton exercise sole and complete control over JRP and Jokawiem. As members, owners, and employees

of JRP and Jokawiem, Pfaff and Minton solely influence and govern JRP and Jokawiem. Accurate corporate records for JRP and Jokawiem have not been kept, and corporate formalities such as corporate meetings and minutes have not been observed.

19. Pfaff and Minton formed JRP and Jokawiem with minimal investment or capitalization. Pfaff's and Minton's decision to do so facilitated and encouraged JRP and Jokawiem to perpetrate the conduct complained herein. For example, the fact that JRP and Jokawiem were formed with minimal investment or capitalization demonstrates that JRP did not and does not have sufficient resources to satisfy its contractual obligations noted herein, including compensating Family of Eight for breach of the Agreement and compensating Family of Eight for all losses, liabilities, damages, costs, and expenses, including without limitation all legal and other expenses incurred arising from breach by JRP. In addition, the fact that JRP and Jokawiem were formed with minimal investment or capitalization demonstrates that Jokawiem did not and does not have sufficient resources to compensate Family of Eight for its misappropriation of trade secrets, as explained herein. These facts are intertwined with Defendants' decision, as explained below, to create a false persona and name for one of their employees or affiliates to cover up the unlawful conduct explained herein, in order to commit a fraud on Family of Eight.

20. JRP and Jokawiem are the alter ego or mere instrumentality of Pfaff and Minton. Adherence to the fiction that JRP and Jokawiem are separate and apart from Pfaff and Minton would, under the circumstances, sanction a fraud and promote injustice.

21. Despite agreeing to not compete with the Companies (Slick Slide LLC and Slick City LLC, as defined in the Agreement) for a period of two years following execution of the Agreement, Defendants have competed with Companies. For example, Defendants have assisted third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In

5

addition, Defendants have engaged in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies.

22. Despite agreeing to secure assurance of similar non-competition from their employees, agents, owners, subsidiaries, and affiliated companies, Defendants did not secure assurance of similar non-competition from their employees, agents, owners, subsidiaries, and affiliated companies. By way of example, Defendants did not secure assurance of similar non-competition from Montrauli Technology Company Limited.

23. Despite agreeing to immediately destroy the Confidential Information of Companies upon execution of the Agreement, Defendants did not do so. For example, Defendants did not destroy molds, schematics, designs, proprietary technology, intellectual property, trademarks, symbols, strategies, business plans, and financial statements of Companies. Indeed, Defendants retained such information in order to assist third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, Defendants retained such information to engage in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies.

24. Despite agreeing to secure similar assurance of destruction of Confidential Information from their employees, agents, owners, subsidiaries, and affiliated companies, Defendants did not secure similar assurance of destruction of Confidential Information from their employees, agents, owners, subsidiaries, and affiliated companies. By way of example, Defendants did not secure assurance of destruction of Confidential Information from Montrauli Technology Company Limited.

25. In connection with their violation of the Agreement, Defendants formed or caused to have formed Montrauli Technology Company Limited.

26. Wan Yuen Tung is an officer and employee of Montrauli Technology Company Limited.

27. Wan Yuen Tung is the same person as Vincent Tung.

28. Defendants are aware that Wan Yuen Tung is the same person as Vincent Tung.

29. Mr. Tung was an employee of Jokawiem, or an employee of a business partner of Jokawiem, *i.e.*, Montrauli Technology Company Limited. Mr. Tung is currently an employee of Jokawiem, or an employee of a business partner of Jokawiem, *i.e.*, Montrauli Technology Company Limited. In the alternative, Defendants caused Mr. Tung to appear as an employee of Jokawiem.

30. Mr. Tung has assisted third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, Mr. Tung has engaged in dry slide manufacturing and/or fabrication. In doing so, Defendants have assisted third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, in doing so, Defendants have engaged in dry slide manufacturing and/or fabrication.

31. Mr. Tung did not destroy molds, schematics, designs, proprietary technology, intellectual property, trademarks, symbols, strategies, business plans, and financial statements of Companies. Indeed, Mr. Tung retained such information in order to assist third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, Mr. Tung retained such information to engage in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies.

32. Defendants were aware of and caused Mr. Tung to engage in the activities explained above. Defendants exercised control over Mr. Tung and caused him to engage in the activities explained above.

33. Wan Yuen Tung is also the same person as Max Fung.

34. Defendants were aware of, and participated in, the creation of a false persona and name for Mr. Tung, *i.e.*, Max Fung.

35. Defendants participated in the creation of a false persona and name for Mr. Tung, *i.e.*, Max Fung in order to avoid detection of its unlawful conduct.

## COUNT I
### Breach of Contract

36. Family of Eight incorporates herein Paragraphs 1-35 above with the same force and effect as if again set forth fully herein.

37. Defendants breached the Agreement by engaging in the conduct described above. For example, Defendants have competed with Companies by assisting third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, Defendants have engaged in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies. In addition, Defendants did not secure assurance of similar non-competition from their employees, agents, owners, subsidiaries, and affiliated companies.

38. Defendants also breached the Agreement by not destroying the Confidential Information of Companies upon execution of the Agreement. For example, Defendants did not destroy molds, schematics, designs, proprietary technology, intellectual property, trademarks, symbols, strategies, business plans, and financial statements of Companies. Rather, Defendants retained such information in order to assist third parties with the design, manufacturing, offering for sale, and sale, of recreational slides. In addition, Defendants retained such information to engage in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies.

39. Family of Eight has performed all of its obligations under the Agreement.

8

40. As a direct and proximate result of breach of the Agreement by Defendants, Family of Eight has suffered consequential damages in an amount according to proof at trial.

41. This action arises out the Agreement, and the Agreement includes a provision requiring Defendants to compensate Family of Eight for all losses, liabilities, damages, costs, and expenses, including without limitation all legal and other expenses incurred arising from breach by Defendants, and Family of Eight therefore requests an award of its reasonable attorneys' fees and costs incurred in this action.

## COUNT II
### Violation of Defend Trade Secrets Act
### (18 U.S.C. § 1836, *et seq.*)

42. Family of Eight incorporates herein Paragraphs 1-41 above with the same force and effect as if again set forth fully herein.

43. Companies (Slick Slide LLC and Slick City LLC, as defined in the Agreement) own and possess trade secret information, as alleged above. One example of the trade secret information is the molds, schematics, and designs associated with Slick Slide LLC's Launch Slide.

44. In connection with a prior business relationship, Defendants had access to and were provided schematics and designs associated with Slick Slide LLC's Launch Slide. Defendants used those schematics and designs to create molds and to create copies of Slick Slide LLC's Launch Slide. Defendants also used those schematics and designs to cause others to create molds and to create copies of Slick Slide LLC's Launch Slide, unbeknownst to Family of Eight.

45. Reasonable measures have been taken to keep the schematics and designs associated with Slick Slide LLC's Launch Slide secret. Slick Slide LLC has at all times maintained stringent measures to preserve the secrecy of schematics and designs associated with Slick Slide LLC's Launch Slide, including by limiting access to such schematics and designs

associated with Slick Slide LLC's Launch Slide. Slick Slide LLC also requires those having access to such schematics and designs associated with Slick Slide LLC's Launch Slide to execute contracts that protect the secrecy and use thereof.

46. Due to these security measures, Slick Slide LLC's trade secret information is not available for others to use through any legitimate means.

47. Slick Slide LLC's trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information. By way of example only, by keeping this information as a trade secret, others are not able to legitimately design, fabricate, offer for sale, or sell copies of Slick Slide LLC's Launch Slide.

48. In violation of Family of Eight's contractual right that Defendants destroy such trade secrets, Defendants misappropriated the trade secrets in the improper and unlawful manner alleged herein.

49. Defendants' misappropriation was intentional, knowing, and fraudulent. Defendants have engaged in specific acts in order to cover up their misappropriation and to attempt to avoid detection.

50. Defendants' conduct constitutes a violation of Defend Trade Secrets Act.

51. As a direct and proximate result of Defendants' conduct, Family of Eight has suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proved at trial. Because Family of Eight's legal remedy is inadequate, Family of Eight seeks, in addition to damages, injunctive relief to protect its legitimate business interests.

52. Family of Eight has been damaged by all of the foregoing and is entitled to an award

of exemplary damages and attorneys' fees.

## COUNT III
### Violation of Tennessee's Uniform Trade Secrets Act
### (Tenn. Code Ann. § 47-25-1701, *et seq.*)

53. Family of Eight incorporates herein Paragraphs 1-52 above with the same force and effect as if again set forth fully herein.

54. Companies (Slick Slide LLC and Slick City LLC, as defined in the Agreement) own and possess trade secret information, as alleged above. One example of the trade secret information is the molds, schematics, and designs associated with Slick Slide LLC's Launch Slide.

55. In connection with a prior business relationship, Defendants had access to and were provided schematics and designs associated with Slick Slide LLC's Launch Slide. Defendants used those schematics and designs to create molds and to create copies of Slick Slide LLC's Launch Slide. Defendants also used those schematics and designs to cause others to create molds and to create copies of Slick Slide LLC's Launch Slide.

56. Reasonable measures have been taken to keep the schematics and designs associated with Slick Slide LLC's Launch Slide secret. Slick Slide LLC has at all times maintained stringent measures to preserve the secrecy of schematics and designs associated with Slick Slide LLC's Launch Slide, including by limiting access to such schematics and designs associated with Slick Slide LLC's Launch Slide. Slick Slide LLC also requires those having access to such schematics and designs associated with Slick Slide LLC's Launch Slide to execute contracts that protect the secrecy and use thereof.

57. Due to these security measures, Slick Slide LLC's trade secret information is not available for others to use through any legitimate means.

58. Slick Slide LLC's trade secret information derives independent economic value

from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information. By way of example only, by keeping this information as a trade secret, others are not able to legitimately design, fabricate, offer for sale, or sell copies of Slick Slide LLC's Launch Slide.

59. In violation of Family of Eight's contractual right that Defendants destroy such trade secrets, Defendants misappropriated the trade secrets in the improper and unlawful manner alleged herein.

60. Defendants' misappropriation was intentional, knowing, and fraudulent. Defendants have engaged in specific acts in order to cover up their misappropriation and to attempt to avoid detection.

61. Defendants' conduct constitutes a violation of Tennessee's Uniform Trade Secrets Act.

62. As a direct and proximate result of Defendants' conduct, Family of Eight has suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because Family of Eight's legal remedy is inadequate, Family of Eight seeks, in addition to damages, injunctive relief to protect its legitimate business interests.

63. Family of Eight has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorneys' fees.

**COUNT IV**
**Conversion**

64. Family of Eight incorporates herein Paragraphs 1-63 above with the same force and effect as if again set forth fully herein.

65. Family of Eight has a property interest in the trade secrets identified above, and the

12

fruits of the trade secrets, including but not limited to molds relating to the trade secrets.

66. Defendants have wrongfully interfered with and exercised control over Family of Eight's property, as outlined herein.

67. As a result of Defendants' wrongful interference with Family of Eight's property interests, Family of Eight has been damaged in an amount according to proof at trial.

68. Defendants' actions were willful, malicious, and in reckless disregard for the rights and interests of Family of Eight, and Family of Eight is therefore entitled to an award of punitive damages in an amount sufficient to penalize Defendants for their actions, and to deter others from engaging in similar behavior.

## COUNT V
### Civil Conspiracy

69. Family of Eight incorporates herein Paragraphs 1-68 above with the same force and effect as if again set forth fully herein.

70. Defendants agreed with at least one other person, for example Vincent Tung, to accomplish the unlawful activities set forth herein by the unlawful means set forth herein, proximately causing the damages set forth herein, and creating liability for civil conspiracy.

71. Defendants and their co-conspirator(s) completed one or more overt acts in furtherance of the conspiracy, resulting in damages to Family of Eight. By way of example, Defendants instructed and caused a third party to create to design, create molds for, and fabricate copies of Slick Slide's Launch Slide.

72. As a proximate result of Defendants' unlawful, conspiratorial acts, Family of Eight has been damaged in an amount according to proof at trial.

73. Defendants' acts described herein were knowing, intentional, willful, malicious, and without justification or authority, thus entitling Family of Eight punitive damages.

## COUNT VI
## Unjust Enrichment

74. Family of Eight incorporates herein Paragraphs 1-73 above with the same force and effect as if again set forth fully herein.

75. In the alternative, Family of Eight alleges that Defendants have been unjustly enriched by, among other things, misappropriating and using trade secrets and breaching the Agreement, as explained above.

76. Family of Eight has been impoverished, as outlined herein.

77. Defendants' enrichment is a direct result of Family of Eight's impoverishment, and vice versa.

78. Family of Eight may not have an adequate remedy at law, such that equitable relief is warranted.

## Family of Eight's Prayer for Relief

WHEREFORE, Family of Eight requests the following relief:

A. For compensatory damages in an amount according to proof at trial;

B. For consequential, incidental, and special damages in an amount according to proof at trial;

C. For exemplary or punitive damages as permitted by law;

D. For injunctions prohibiting Defendants from ongoing conduct complained of herein;

E. For reasonable costs and attorneys' fees to the extent permitted by law, statute, or the Agreement;

F. For an award of pre-judgment and post-judgment interest from the earliest time permitted and at the highest rate provided by law; and,

G. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Family of Eight, LLC hereby demands and requests trial by jury of all issues raised that are triable by jury.

Dated: April 26, 2024.   Respectfully submitted,

By: /s/ Joseph Alan Jackson II
Joseph Alan Jackson II, BPR No. 030203
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
Chattanooga, Tennessee 37402
Telephone: (423) 756-7000
jaj@smrw.com

Brett A. Schatz (*Pro Hac Vice* forthcoming)
WOOD, HERRON & EVANS, L.L.P.
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
bschatz@whe-law.com

*Attorneys for Plaintiff
Family of Eight, LLC*